IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROBERT E. CARTER and
CASSANDRA I. BARRAL BORGOS,

Appellants,

v.

INTERNAL REVENUE SERVICE,

Appellee.

ORDER

Case No. 26-cv-1042-wmc

Appellants Robert E. Carter and Cassandra I. Barral Borgos have appealed an order of the Bankruptcy Court. Appellants seek leave to proceed *in forma pauperis*, that is, to proceed without prepaying the $298 filing fee for a bankruptcy appeal. *See* dkt. 2.

The court has considered appellants' income, assets, obligations, and dependents, as set forth in their affidavit of indigency, and finds that their financial situation does not warrant a determination of indigency. Appellants have total household income of $5,900 per month, or $70,800 per year. Their home is valued at $495,000 and their mortgage is only $173,000, so they have over $300,000 in home equity. And their monthly expenses are high because, among other things, they pay private-school tuition[1] and two extraordinarily high car payments. Those car payments[2] are $697 and $1,278 per month. The vehicles are reportedly worth only $5,000 and $20,000, but the loans are $6,000 and $42,000.

I must consider the entirety of appellants' financial picture in determining whether they are indigent. *Park v. Hudson*, No. 15-cv-2136, 2018 WL 8804822, at *1 (C.D. Ill. Oct. 29,

[1] Appellants refer to a $1,595 monthly payment for "our children's tuition." The court assumes that "tuition" refers to private-school tuition. Under Article X, Section 3 of the Wisconsin Constitution, "[public] schools shall be free and without charge for tuition to all children between the ages of 4 and 20 years."

[2] Appellants refer to their monthly car payments as "notes." Typically, the term "note" refers to a promissory note, not a monthly payment. Appellants listed these "notes" as "regular monthly expenses," so the court views them as monthly payments.

2018). In addition to income, courts consider equity in real estate and personal property. *Levet v. Comm'r of Soc. Sec.*, 2014 WL 3508893, at *2 (S.D. Ohio, July 14, 2014). Appellants Carter and Barral Borgos have a modest income, a valuable home, several hundred thousand dollars in home equity, and two expensive vehicles. Home equity is not a liquid asset, but appellants have not established that they are unable to leverage the value of their real *or* personal property to pay the filing fee. *See Smith v. Kijakazi*, No. 21-cv-6874, 2022 WL 23028893, at *1 (N.D. Ill. Jan. 27, 2022); *see also Joffe v. Church & Dwight, Co., Inc.*, W.D. of Wisconsin Case No. 26-cv-43-jdp, dkt. 6 (March 30, 2026). Appellants' motion for leave to proceed without prepaying the filing fee is denied. Appellants may have until November 25, 2026, to submit payment to the Bankruptcy Court for the Western District of Wisconsin.

ORDER

IT IS ORDERED that appellants Robert Carter and Cassandra Barral Borgos' motion for leave to proceed without prepaying the $298 filing fee for a bankruptcy appeal is DENIED. Appellants may have until November 25, 2026, to submit payment to the Bankruptcy Court for the Western District of Wisconsin. If appellants fail to make the payment as ordered, or fail to show cause why the payment could not be made, then I will assume that they wish to withdraw their appeal, and this case will be dismissed without prejudice. If appellants submit their payment within 30 days of dismissal, the case will be reopened. The court will not reopen the case after 30 days unless appellants make a showing that they are entitled to relief under Federal Rule of Civil Procedure 60(b).

Entered this 22nd day of October, 2026.

BY THE COURT:

s/

ANDREW R. WISEMAN
United States Magistrate Judge